826 F.2d 1061
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Eugene WILLIFORD, Plaintiff-Appellant,
v.
MELVIN SIMON AND ASSOCIATES, INC., Defendant-Appellee.
 No. 86-1577
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 16, 1986.
Decided Aug. 12, 1987.
 
 Fletcher N. Smith, Jr., on brief, for appellant.
 Knox L. Haynsworth, Jr., Wade E. Ballard, Haynsworth, Baldwin, Miles, Johnson, Greaves and Edwards, on brief, for appellee.
 Before WIDENER, JAMES DICKSON PHILLIPS and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Eugene Williford, a former employee of Melvin Simon and Associates, Inc. ('Melvin Simon'), appeals from the district court's dismissal of his employment discrimination action. Williford brought this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e, et seq., and 42 U.S.C. Sec. 1981. Melvin Simon has moved for summary disposition of the appeal under Fed. R. App. P. 27 and this Court's Internal Operating Procedure 27.5. Williford has submitted a response to the motion. We grant the motion and affirm.
 
 
 2
 Williford, a black male, was employed by Melvin Simon in mall maintenance positions at the Anderson Mall in Anderson, South Carolina, from 1979 to March 15, 1984. Jon Luecke was the mall manager at all times in question and oversaw all mall activities and employees. Tom Strall, mall operations director, was Williford's immediate supervisor from February 27, 1984, until Williford's discharge on March 15, 1984.
 
 
 3
 According to Melvin Simon, Strall fired Williford after finding him sleeping on the job, a violation of company policy. Williford denied that he was asleep and asserted that he was fired because of his race. In support of his claims of racial bias, Williford stated in an affidavit that a white co-employee, Grady Murphy, directed racial slurs at him. Williford stated that Murphy 'spent a great deal of time' with Luecke and Strall and influenced them to fire Williford for racially prejudiced reasons. Finally, Williford stated that he was not sleeping on March 15.
 
 
 4
 The magistrate granted summary judgment to the defendant in an order entered on April 3, 1986.[1] The magistrate reasoned that Williford had failed to offer any evidence showing that Melvin Simon's asserted reason for firing Williford, sleeping on the job, was pretextual. Specifically, the magistrate noted that although Grady Murphy directed slurs at Williford, Murphy had no authority over Williford at the time of Williford's discharge. Moreover, Williford had failed to offer any evidence showing Murphy's influence over Luecke and Strall. In contrast, Melvin Simon had established by affidavit that it had punished other employees and, specifically, white employees, found asleep by terminating them.[2]
 
 
 5
 On appeal, Williford contends that summary judgment was improperly granted because he established a prima facie case of a racially discriminatory discharge. Williford also asserts that Murphy's racial slurs raised a factual question about whether Melvin Simon's justification for the discharge was pretextual.
 
 
 6
 The Supreme Court has articulated a three-part framework for analyzing Title VII cases. First, the plaintiff must establish a prima facie case of discrimination; next, the burden of production shifts to the defendant to show a legitimate non-discriminatory reason for its action; finally, the burden returns to the plaintiff to come forward with evidence that the defendant's asserted reason for its action is a pretext for its discriminatory motives. Throughout this process, the burden of persuasion remains on the plaintiff. Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981).
 
 
 7
 In discriminatory discipline cases, this Court has established that a prima facie case is made out by showing:
 
 
 8
 (1) that plaintiff engaged in prohibited conduct similar to that of a person of another race, color, sex, religion or national origin; and
 
 
 9
 (2) that disciplinary measures enforced against the plaintiff were more severe than those enforced against the other person.
 
 
 10
 Moore v. City of Charlotte, 754 F.2d 1100, 1105-06 (4th Cir.), cert. denied, ---- U.S. ----, 53 U.S.L.W. 3882 (June 17, 1985) (No. 84-1660). As the magistrate recognized, Williford was unable to establish a prima facie case because he was unable to show that he was treated less favorably than white employees who committed similar misconduct. Indeed, the only evidence before the magistrate showed that all employees believed to have been sleeping on the job were terminated.
 
 
 11
 Williford argues that another model for the prima facie case is more appropriate than that found in Moore. However, assuming that Williford made out a prima facie case, he completely failed to show that Melvin Simon's nondiscriminatory reason for discharging him was pretextual. In other words, he failed to show that the reason for his discharge was other than that assigned by Melvin Simon. Grady Murphy's remarks were irrelevant because Williford failed to show that Murphy played any role in Strall's decision to discharge Williford. See Ambush v. Montgomery County Government Department of Finance, 620 F.2d 1048, 1054 (4th Cir. 1980). Williford's conclusory allegations of discrimination were not sufficient to defeat the summary judgment motion. See Meiri v. Dacon, 759 F.2d 989, 997-98 (2d Cir.), cert. denied, ---- U.S. ----, 54 U.S.L.W. 3224 (Oct. 7, 1985) (No. 84-2031). Accordingly, because oral argument would not aid the decisional process, we grant the motion for summary disposition and affirm the judgment of the magistrate.
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 The parties consented to referral of the action to a magistrate pursuant to 28 U.S.C. Sec. 636(c)
 
 
 [2]
 The magistrate also determined, properly, that the failure of the Title VII claim meant that the claim under Sec. 1981 failed